Thomas E. Morrissey, Jr., J.
Petitioners move for an injunction restraining respondents from engaging in any activities or distributing any literature representing that they are the regular Democratic party candidates in and for the First Assembly District, Kings 'County, and restraining them from using the name “ secondary headquarters clarendon regular democrats ’ ’ and .for other incidental relief.
Petitioners claim that they brought this proceeding pursuant to section 330 of the Election Law, governing summary jurisdiction of the Supreme Court in election matters. This section enumerates the types of relief which may be applied for by a special proceeding pursuant thereto and in which process may be served in the manner provided by section 335 of the Election Law.
This court is of the opinion that the instant proceeding for injunctive relief, commenced by the service of a petition and order to show cause which provided for service by mail, is not within the contemplation of section 330 of the Election Law. This relief is not specifically provided for in such section, nor has any other law been called to the attention of the court authorizing the procedure followed by petitioners. The injunctive relief of the type sought here may only ,be obtained in an action for an injunction which must be commenced by the service of a summons and complaint. Jurisdiction over the parties respondent maybe obtained only by process served in the manner provided by 308 of the Civil Practice Law and Buies. Service by mail as directed in the order to show cause in this proceeding is not authorized by law in an action.
The contention of petitioners that this proceeding is brought pursuant to section 330 of the Election Law and that service of process was made pursuant to section 335 of the Election Law is without basis in law. If petitioners are entitled to any injunctive relief, application therefor may only be had by a motion for a temporary injunction in an action for a permanent injunction.
Incidentally this court notes that all the cases cited in petitioners ’ brief involve 1 ‘ actions ’ ’ for injunctive relief and none *93 of them are special proceedings brought under the Election Law. (Mele v. Ryder, 8 A D 2d 390, app. dsmd. 7 N Y 2d 1027; Gerlach v. Andrew Apts., 282 App. Div. 830.)
The summons which was served with the order to show cause and petition in this proceeding is not in form required in an action and was served by mail and not in the manner provided by law for service of process in an action.
By reason of the foregoing, the court has not acquired jurisdiction over the parties named as respondents and accordingly may not grant to petitioners any of the relief prayed for. In holding that this court does not have jurisdiction of the necessary parties, it does not intend to determine the merits of the controversy between the parties.
The motion to dismiss the petition is granted for lack of jurisdiction. The stay contained in the order to show cause is denied. This determination is made without prejudice to a plenary action in the form prescribed by law.
In view of this determination, the motion to punish respondents for contempt of court is denied, as academic.